## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHELLE YVONNE MARTINEZ,
            Appellant,

    v.

U.S. POSTAL SERVICE,
            Agency.

DOCKET NUMBER
AT-0752-24-0834-I-1

DATE:  August 11, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

Albert Lum, Brooklyn, New York, for the appellant.

Ruth E. von Gunten-Persad, Leigh Acres, Florida, for the appellant.

Roderick Eves and Jessica Dixon, St. Louis, Missouri, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal.  For the reasons discussed below, we GRANT her petition for review, VACATE the initial decision, and REMAND the appeal to the Atlanta Regional Office for further adjudication of the appellant's affirmative defense of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

reprisal for engaging in equal employment opportunity (EEO) activity in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as an EAS-22 Customer Services Manager at the agency's North Fort Myers Post Office in Fort Myers, Florida. Initial Appeal File (IAF), Tab 4 at 94. During a random audit of the appellant's Government Citibank Travel Card, the agency discovered that the appellant had been using the card for personal expenses and paying the balance using her own funds over the course of several months. *Id.* at 68-70. In a January 19, 2024 investigative interview, the appellant admitted that she used the card for personal expenses without notifying the agency that she was doing so. *Id.* at 72-82. The agency removed her from her position, effective August 10, 2024, based on the charge of unacceptable conduct. *Id.* at 16-20. In support of its charge, the agency alleged that, between August 1, 2023, and January 4, 2024, the appellant used her Government Citibank Travel Card on 38 occasions for unauthorized personal expenses totaling approximately $2,106.68. *Id.* at 17-18.

The appellant filed the instant appeal of her removal to the Board. IAF, Tab 1. After holding the requested hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 11, Initial Decision (ID) at 1, 14. The administrative judge sustained the charge of unacceptable conduct, found nexus between the sustained misconduct and the efficiency of the service, and determined that the penalty was within the bounds of reasonableness. ID at 3-14.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review and the appellant has replied. PFR File, Tabs 3, 5-6.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The administrative judge properly sustained the charge of unacceptable conduct.</u>

The agency alleged the appellant demonstrated unacceptable conduct when, between August 1, 2023, and January 4, 2024, she used her Government Citibank Travel Card for unauthorized personal expenses on 38 occasions. IAF, Tab 4 at 44. Unacceptable conduct is a general charge. *Colbert v. U.S. Postal Service*, 93 M.S.P.R. 467, ¶ 12 (2003). An agency proves an unacceptable conduct charge by proving that the appellant committed the acts alleged and that the conduct was improper, unsuitable, or detracted from the appellant's character or reputation. *See Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010) (explaining that an agency establishes a general charge by proving that the employee committed the acts alleged in support of the broad label); *Miles v. Department of the Army*, 55 M.S.P.R. 633, 637 (1992) (defining unbecoming conduct as conduct that is unattractive, unsuitable, or detracts from one's character or reputation).

The administrative judge found that the agency proved the appellant made the 38 personal purchases at issue on her travel card. ID at 4-5; IAF, Tab 4 at 70, 96, 106. The administrative judge noted that the appellant received training on the proper use of the card and that Postal Service Management Instruction FM-640-2014-4, Government-Issued, Individually Billed Travel Charge Cards, stated that the card should be used to pay for official travel expenses and not personal expenses. ID at 5; IAF, Tab 4 at 96. The appellant does not dispute these findings on review, and we discern no basis to disturb them. We agree with the administrative judge that the agency proved the acts alleged in support of its charge.

Additionally, the administrative judge found that the appellant's actions were improper, unsuitable, or detracted from her character or reputation because the appellant knew her use of the travel card for personal expenses was prohibited. ID at 4, 8. The appellant appears to dispute that finding on review.

She maintains that during a January 2022 conversation with the deciding official about her relocation to Florida, she told him that she would need additional time for her move for financial reasons "unless [she] used the card." PFR File, Tab 1 at 10. The appellant reasserts that the deciding official "immediately replied, 'Just pay it back.'" *Id.*; IAF, Tab 8 at 4.

The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Such sufficiently sound reasons include when the factual findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004).

The administrative judge considered the appellant's testimony that the deciding official had previously told the appellant, in connection with her 2022 work-related relocation, that she could use the card for relocation expenses as long as she paid the balance with her personal funds. ID at 5. However, the administrative judge credited the deciding official's denial that he had provided such permission, noting that he testified in a forthright and candid manner. ID at 6.

In declining to credit the appellant's contrary testimony, the administrative judge emphasized that it contradicted statements that the appellant made during her investigative interview with the proposing official and the deciding official's notes of the appellant's reply meeting with him. ID at 6-7. The administrative judge found that, even if the deciding official had given the appellant permission to use the travel card during her relocation to Florida in 2022, it was inherently improbable that the appellant believed that she could continue to use the card for personal purchases over a year after that relocation. ID at 8. The administrative judge observed that the record was void of any evidence that other agency

employees were allowed to use the card for personal expenses as long as they paid the balance with their personal funds or that the appellant used the travel card for any personal expenses prior to August 2023. ID at 6-7. The appellant does not identify any documents or testimony in the record below that the administrative judge failed to consider. PFR File, Tab 1 at 9-10, Tab 5 at 11-12. Consequently, she has failed to identify sufficiently sound reasons for disturbing the administrative judge's demeanor-based credibility determinations. *Haebe*, 288 F.3d at 1301.

The appellant appears to argue for the first time on review that the deciding official should have known about her card usage because he received email alerts about her credit card transactions revealing that "payment was needed or late." PFR File, Tab 1 at 19. We decline to consider her argument because it does not appear to be based on new information, and the appellant has not explained why she could not have raised it below. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Further, the appellant's argument is inconsistent with her assertions to the agency and in her submissions below that "she always paid the balance [of her travel card] off with her personal funds." IAF, Tab 4 at 42-43, Tab 8 at 4-5. The appellant does not allege that such presumably on time payments would result in alerts to the deciding official.

The appellant also argues that the deciding official's credibility is questionable because he mailed the removal decision to the appellant's post office box while she was having surgery despite his promise not to do so. PFR File, Tab 1 at 21, Tab 5 at 11-12; IAF, Tab 4 at 16. Although the administrative judge did not address this argument, her failure to mention all of the testimony and evidence in this case does not mean that she did not consider it. *See Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 14 (2015), *aff'd per curiam*,

652 F. App'x 971 (Fed. Cir. 2016). Even assuming that the deciding official ignored the appellant's request or went back on a prior promise to delay issuing the letter of decision or to mail it to a different address, we do not believe it calls the administrative judge's credibility determinations into doubt. We note that the agency mailed the letter of decision to the appellant's address of record, she has not claimed that she changed her address or that she provided an alternative address to the agency, and she testified that she received the letter of decision on the day after it was mailed. IAF, Tab 4 at 16, 23, 94, Tab 10.6, Hearing Recording (testimony of the appellant). Under these circumstances, we do not impute any improper motive in the agency's use of the appellant's post office box address. 5 C.F.R. § 1201.22(b)(3) (explaining that an appellant is responsible for keeping the agency informed of her current home address for purposes of receiving the agency's decision).

We remand this appeal for consideration of the appellant's affirmative defense of retaliation for engaging in EEO activity.

Below, the appellant asserted in her prehearing submission that her EEO complaints are among the "conflicts" she had with the proposing official that caused that official to recommend an "unreasonable penalty." IAF, Tab 8 at 5. On review, the appellant asserts that the proposing official interfered in an investigation into one of the appellant's EEO complaints, and the appellant alleges that she was subjected to "disparate treatment." PFR File, Tab 1 at 13, Tab 5 at 11.

When an appellant raises an affirmative defense, an administrative judge must apprise the appellant of the applicable burdens of the claim, as well as the kind of evidence that the appellant is required to produce to meet her burden. *Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶¶ 10, 13 (2010), *overruled on other grounds by Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 17. Absent an appellant's withdrawal or abandonment of an affirmative defense, when an administrative judge fails to inform the parties of their burden and methods of

proof, the Board typically remands the appeal so the administrative judge can afford such notice and an opportunity to submit evidence and argument under the proper standard. *Wynn*, 115 M.S.P.R. 146, ¶ 13; *see Thurman*, 2022 MSPB 21, ¶ 17 n.7 (preserving the holding in *Wynn* that remand is necessary when an appellant raises an affirmative defense, he has not waived that defense, and neither the initial decision nor the agency's filings placed the appellant on notice of his burdens).

As noted above, the appellant raised her EEO reprisal claim prior to the prehearing conference. The administrative judge did not advise the appellant of her burden to prove her claim, and the agency's pleadings do not provide this information. IAF, Tab 7, Tab 8 at 5, Tab 9. Therefore, remand is necessary. On remand, the administrative judge should provide the appellant with notice of her burden to prove this affirmative defense and an opportunity to meet that burden, including at a supplemental hearing, if requested by the appellant.[2]

The penalty of reasonable was within the tolerable limits of reasonableness.

The administrative judge concluded that the deciding official properly considered the relevant factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 180, 305-06 (1981), and the penalty of removal did not exceed the bounds of reasonableness, ID at 10-11. The appellant disputes the administrative judge's decision to sustain the agency's penalty. As discussed below, we discern no error.

When, as here, the agency's charge is sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all relevant

---

[2] The Board recently held that certain EEO activity constitutes protected activity under 5 U.S.C. § 2302(b)(9)(C). *Holman v. Department of the Army*, 2025 MSPB 2, ¶ 13. On remand, the administrative judge should apprise the appellant of the standards for proving her claim under a whistleblower reprisal theory, as well as the standards applicable to a claim of reprisal for engaging in activity protected under antidiscrimination statutes. *See generally Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-25, 30, 44, 46-47 (discussing the standards for establishing claims of reprisal under Title VII and the Rehabilitation Act).

factors and exercised management discretion within the tolerable limits of reasonableness. *Thomas v. Department of the Army*, 2022 MSPB 35, ¶ 19. In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Id.* The Board will modify or mitigate an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors, or the penalty clearly exceeds the bounds of reasonableness. *Id.*

In affirming the agency's penalty determinations, the administrative judge agreed with the deciding official that misuse of a Government credit card is a serious offense warranting removal and observed that agencies are entitled to hold supervisors to a higher standard of conduct. ID at 13-14; *see Thomas*, 2022 MSPB 35, ¶ 21 (recognizing that an agency has the right to expect a higher standard of conduct from supervisors because they occupy positions of trust and responsibility). We agree.

The most important factor in assessing whether the agency's chosen penalty is within the tolerable bounds of reasonableness is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities. *Thomas*, 2022 MSPB 35, ¶ 20. Relevant to this determination is whether the conduct was intentional or inadvertent, and whether it was frequently repeated. *Douglas*, 5 M.S.P.R. at 305. The deciding official stated that the appellant's misconduct was serious, given that her position as a Customer Services Manager required her to oversee Postal funds and that she frequently and repeatedly used the Government Citibank Travel Card for personal purchases over several months. IAF, Tab 4 at 17; *see Brown v. Department of the Army*, 96 M.S.P.R. 232, ¶¶ 2, 5-6, 11 (2004) (observing that there was no question that the appellant's unauthorized use of a Government credit card was serious). The deciding official also stated that the appellant's misuse of the card

eroded his confidence in the appellant's ability to manage Postal funds, and he observed that as a manager, she was a fiduciary. IAF, Tab 4 at 17, 42.

The deciding official did not believe that the appellant could be rehabilitated because she was not remorseful for her actions. *Id.* He considered the appellant's positive performance history, lack of prior discipline, her 23 years of service, her personal financial hardship, and her timely payment of the card's balance, but he ultimately found that these mitigating factors did not outweigh the seriousness of her misconduct or her lack of remorse. *Id.* He found that no alternative sanction would prevent misuse of Postal funds by the appellant or others in the future. *Id.* at 17-18.

In connection with the appellant's EEO claim, on review she asserts that the deciding official, and perhaps others, imposed lesser or no discipline on other employees for varying acts of misconduct such as delaying mail, improperly accessing agency systems, and falsifying documents. PFR File, Tab 5 at 9-11. The appellant does not indicate whether she raised these potential comparators below, and the administrative judge did not address them in the initial decision. In any event, we do not believe that the appellant's allegations provide a basis to disturb the initial decision.

Among the factors an agency should consider in setting the penalty for misconduct is "consistency of the penalty with those imposed upon other employees for the same or similar offenses." *Douglas*, 5 M.S.P.R. at 305. The Board does not extend this factor to dissimilar acts of misconduct. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 17. The Board will not compare the relative seriousness of various offenses to determine whether two employees who committed different acts of misconduct were treated disparately. *Id.* Here, the specific acts that the appellant identifies as having been committed by other employees do not include travel card misuse. In sum, the appellant has not established that she was subjected to greater punishment than others for the same or similar misconduct.

The appellant observes that T.K., a Manager of Post Office Operations in Louisiana, testified that he knew what happened with the travel card and he did not have a problem with it. PFR File, Tab 1 at 16-17. Therefore, he essentially condoned her behavior. She appears to mischaracterize his testimony. The appellant had apparently been looking into a transfer to a different office prior to or around the time of the removal action. T.K. testified that he told the deciding official that, even after he became aware that the appellant had a pending removal action, he would not have a problem with hiring the appellant if she was the best candidate and she did not have any discipline on file. IAF, Tab 10.4, Hearing Recording (testimony of T.K.).

T.K.'s testimony does not provide a basis to revisit the deciding official's determination that the penalty was reasonable. The opinions of agency officials are insufficient to overcome the judgment of a deciding official who, as here, properly considered the *Douglas* factors. *Batara v. Department of the Navy*, 123 M.S.P.R. 278, ¶ 7 (2016). Therefore, even if T.K. had testified that the penalty was too harsh, his opinion would not provide a basis for lesser discipline. Nor does the appellant's argument that the agency offered her a demotion to resolve her dispute regarding her removal provide a basis for disturbing the penalty. PFR File, Tab 1 at 17, Tab 5 at 12-13. Settlement offers are inadmissible on the merits of a case and are entitled to no weight in determining whether a removal is appropriate. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 3 n.2 (2016).

The appellant disagrees with the deciding official's assessment that she was unremorseful and lacked rehabilitative potential. PFR File, Tab 1 at 25, Tab 5 at 16-17. We agree with the administrative judge's determination that this conclusion was justified.

Remorse that an appellant expresses only after she is caught, and qualified by an appellant's attempts to excuse her misconduct, are entitled to little or no mitigating weight. *See Singletary v. Department of the Air Force*, 94 M.S.P.R.

553, ¶ 15 (2003) (explaining that an employee's admission of misconduct and expression of remorse are entitled to little or no mitigating weight if they do not come until after the agency conducts its investigation), *aff'd per curiam*, 104 F. App'x 155 (Fed. Cir. 2004); *Alsedek v. Department of the Army*, 58 M.S.P.R. 229, 241 (1993) (concluding that an appellant did not exhibit particular potential for rehabilitation when he maintained that his conduct towards others was not inappropriate because he had not specifically been told that it was unwelcome). In finding that the appellant lacked remorse, the deciding official observed that the appellant believed that, because she paid the balance with her personal funds, she should not be removed from the Postal Service. IAF, Tab 4 at 42.

The administrative judge found that the deciding official's conclusion that the appellant could not be rehabilitated was reasonable because the appellant downplayed the seriousness of her misconduct and still failed to fully take responsibility for her actions during the hearing. ID at 13. For instance, the appellant testified that the only thing she felt she did wrong was not talking to the deciding official about using the card before she did. *Id.* The administrative judge noted that the appellant was on notice of the agency's rules for proper use of the Government credit card prior to her personal use of the card. *Id.* She considered that the appellant paid the card balance, but she determined that it did not negate her misconduct of using the travel card for personal reasons. We discern no error in the administrative judge's reasoning or conclusions.

The appellant asserts that she had over 20 years of service and she was recognized with awards and monetary gifts. PFR File, Tab 1 at 12, 22-23. As noted above, the deciding official considered a number of factors, including the appellant's 23 years of service, her dependability, and her "acceptable past work record" as mitigating, but he did not find those factors outweighed the aggravating factors. IAF, Tab 4 at 17, 42. To the extent the appellant disagrees with the weight given to particular *Douglas* factor, her disagreement does not

provide a basis to disturb the initial decision. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010).

Based on the foregoing, we agree that the agency showed that the deciding official adequately considered the *Douglas* factors, including the mitigating factors, and properly exercised its managerial discretion in selecting the penalty of removal. Thus, the administrative judge properly affirmed the penalty of removal.

The appellant has not shown that the documents she submits on review were previously unavailable despite due diligence.

On review, the appellant submits purportedly new evidence. PFR File, Tab 1 at 9-20, 28-113, Tab 5 at 21-66, Tab 6 at 4-25. She argues that she attempted to submit this evidence below but that it was not considered by the administrative judge. PFR File, Tab 1 at 4.

After the issuance of an initial decision, an administrative judge retains jurisdiction over an appeal only for specifically limited purposes. *Gallegos v. Department of the Interior*, 60 M.S.P.R. 5, 7 n.* (1993). Those purposes do not include accepting evidence. 5 C.F.R. § 1201.112(a) (listing the limited matters over which an administrative judge retains jurisdiction after issuing the initial decision). Here, the record closed below at the end of the hearing on December 4, 2024. IAF, Tab 1 at 5; ID at 1. The appellant states on review that she first attempted to submit this evidence to the administrative judge by mailing a packet on April 8, 2025, but it crossed in the mail with the initial decision, which was issued on April 14, 2025. PFR File, Tab 1 at 4. Because the initial decision had been issued when the Dallas Regional Office received the appellant's submission on April 15, 2025, it properly rejected the submission. IAF, Tab 12.

In submitting this documentation again on review, the appellant argues that she lacked access to agency emails and documents after January 2024, when she was placed in a paid off-duty status pending the agency's investigation into her

travel card usage. PFR File, Tab 1 at 8; IAF, Tab 8 at 24. The Board permits a party to engage in discovery to obtain relevant information that she needs for her case from her adversary. 5 C.F.R. §§ 1201.71-1201.72. If a party is dissatisfied with the responses she receives, she may file a motion to compel. 5 C.F.R. § 1201.73(c)(1). A party does not exercise due diligence when she fails to use the discovery process to obtain information or file a motion to compel during the proceedings below. *See Ellis v. U.S. Postal Service*, 121 M.S.P.R. 570, ¶ 6 (2014) (concluding that an appellant who failed to utilize the discovery process to obtain a document from the agency did not make a showing of due diligence when he was unsuccessful in obtaining the document from the agency in response to his Privacy and Freedom of Information Acts request); *Head v. Office of Personnel Management*, 53 M.S.P.R. 421, 422 (1992) (explaining that because an appellant did not pursue discovery or file a motion to compel discovery below, he failed to exercise due diligence when the agency allegedly ignored his request for relevant documents). Here, the parties engaged in discovery. IAF, Tab 6. However, there is no evidence that the appellant sought from the agency the documents she now seeks to submit or that she filed a motion to compel. Therefore, her inability to access these documents directly from the agency while on leave does not excuse her failure to submit them below.

The appellant also asserts that she was not previously able to submit this evidence due to her diagnosis of breast cancer and three surgeries related this condition in July, October, and November 2024. PFR File, Tab 1 at 8. An appellant who encounters difficulty in obtaining evidence in support of her case should timely request an extension from the administrative judge. *See Fisher v. Department of Defense*, 59 M.S.P.R. 165, 170-71 (1993) (concluding that an appellant failed to show due diligence when he did not timely initiate discovery or request an extension of the time limit for doing from the administrative judge before the deadline passed). Here, the appellant has not explained why she did not seek an extension below if she was having difficulty prosecuting her case for

medical reasons. And while the appellant generally alleges that she was limited during the proceedings below in her "movement and research," she does not specify what those limitations were.

Accordingly, we decline to consider the documents that the appellant submits on review. On remand, she may submit these documents to the extent that they are relevant to her affirmative defense of EEO reprisal, consistent with the orders of the administrative judge.

<u>The appellant has not shown that the administrative judge abused her discretion in the proceedings below.</u>

On review, the appellant argues that she was denied the opportunity to call character witnesses. PFR File, Tab 1 at 16-17. The appellant requested to call eight witnesses, as well as to testify herself. IAF, Tab 8 at 6-9. The administrative judge approved four of these requested witnesses and also approved the appellant's testimony. IAF, Tab 9 at 4. The administrative judge denied the remaining requests because the testimony offered by the appellant was not relevant. *Id.*

An administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony she believes would be irrelevant, immaterial, or unduly repetitious. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 12 (2013); *see* 5 C.F.R. §§ 1201.41(b)(8), (b)(10) (setting forth an administrative judge's authority and discretion to rule on witnesses and to order the appearance of witnesses whose testimony would be relevant, material, and nonrepetitious). Of the four denied witnesses, appellant identified two individuals below, C.R. and J.T., as character witnesses. IAF, Tab 8 at 6-8. As to C.R., the appellant did not explain her relationship to him or the nature of his testimony about her character. *Id.* at 6-7. As to J.T., the appellant stated only that he was aware of the appellant's "situation" and of a settlement offer regarding relocation to Louisiana, where J.T. was employed, and that J.T. would "provide test[imony] regarding [the] [a]ppellant's character." *Id.* at 7. The

appellant has not provided any further details about these witnesses' anticipated testimony or explained why the administrative judge's ruling was in error. We therefore discern no abuse of discretion by the administrative judge.

Moreover, the appellant's failure to object to the administrative judge's ruling on witnesses below precludes her from doing so on review. *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). Here, the administrative judge made her rulings regarding witnesses in the prehearing order. IAF, Tab 9 at 4. Although the parties were provided with an opportunity to object to the order at the beginning of the hearing, the appellant did not do so. *Id.* at 5.

Additionally, the appellant argues that her representative failed to provide adequate representation because he failed to follow up on key evidence. PFR File, Tab 1 at 8, Tab 5 at 7. She observes that, when she questioned him regarding that issue, he told her that it was her responsibility to prove her case and suggested that she pay for other counsel if she was unsatisfied. PFR File, Tab 5 at 8. Even if the appellant's assertions are true, the presence of inadequate counsel is not a basis for reversal, because the appellant is responsible for any error, action, or inaction of a chosen representative. *Smith v. U.S. Postal Service*, 111 M.S.P.R. 341, ¶ 9 (2009); *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

The appellant asserts that the agency failed to produce certain emails showing that the deciding official had, among other things, used her work product for his own gain on multiple occasions. PFR File, Tab 1 at 14-16. However, she also asserts that her representative limited the scope of his request for evidence and that the agency provided some evidence in response to her representative's request for evidence. *Id.* at 14. To the extent she is arguing that her representative acted improperly, any such argument is unavailing. Further, the appellant does not explain how these emails are relevant or how they are otherwise of sufficient weight to warrant an outcome different than that of the initial decision.

If the appellant does not prevail on her affirmative defense on remand, the administrative judge may incorporate into the new initial decision her original findings with respect to nexus and the reasonableness of the penalty, as appropriate, taking into consideration any new testimony or other evidence that the parties introduce.[3]

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:      _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[3] The appellant does not challenge the administrative judge's findings on nexus.